UNITED STATES of America,
Plaintiff—Appellee,

v.

Timothy Shawn O'NEAL, II,
Defendant—Appellant.

No. 02–10251.

D.C. No. CR–01–00015–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2003.*

Decided Feb. 24, 2003.

Before SILVERMAN and GOULD, Circuit Judges, and SEDWICK,** Chief District Judge.

MEMORANDUM***

Appellant Timothy Shawn O'Neal, II, appeals his conviction and sentence for the possession of child pornography in violation of 18 U.S.C. § 2252. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

O'Neal first contends the evidence obtained pursuant to the search warrant should have been suppressed because, he says, there was not probable cause for the issuance of the warrant. This court re-

views a district court's denial of a motion to suppress *de novo* and its factual findings for clear error. *United States v. Garcia,* 205 F.3d 1182, 1186 (9th Cir.2000), *cert. denied,* 531 U.S. 856, 121 S.Ct. 138, 148 L.Ed.2d 90 (2000). The issuing magistrate's assessment of the sufficiency of probable cause is entitled to great deference. *United States v. Patterson,* 292 F.3d 615, 625 (9th Cir.2002). In our opinion, the application for the search warrant set forth sufficient facts to establish probable cause to believe that items of child pornography would be found at O'Neal's apartment.

Defendant also argues that the fruits of the search should have been suppressed because the city police officers who obtained the warrant from the state judge failed to comply with Rule 41(d), Federal Rules of Criminal Procedure. We reject this argument because Rule 41(d) applies only to federal search warrants, not to those issued by state officials to local police officers.

O'Neal next argues that Officer Tyler's testimony concerning the correlation between possessing child pornography and collecting child erotica exceeded the scope of his expertise. The district court's decision whether to admit or to exclude expert testimony is reviewed for an abuse of discretion. *United States v. Hanna,* 293 F.3d 1080, 1085 (9th Cir.2002). There was no abuse of discretion here. However, even assuming, for the sake of discussion, that Tyler was not sufficiently qualified to testify about the characteristics of collectors of child pornography, the testimony clearly

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

was harmless. Other evidence overwhelmingly established that the vast amount of child pornography found in plain view in O'Neal's apartment, where he lived alone, was under his knowing dominion and control. *See United States v. Lui,* 941 F.2d 844, 848 (9th Cir.1991).

O'Neal contends that the district court erred in allowing approximately twenty-three images of child pornography to be published to the jury when he had offered to stipulate to the possession of three such items. We disagree, because O'Neal claimed to have had no knowledge of the presence of child pornography in his apartment. The quantity of items found at O'Neal's home was thus relevant to prove knowledge and possession. The district court did not abuse its discretion. *See Old Chief v. United States,* 519 U.S. 172, 187, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Finally, O'Neal argues that the district court erred in applying a two-level sentencing enhancement for obstruction of justice. A district court's finding that the defendant obstructed justice is reviewed for clear error. *United States v. Shannon,* 137 F.3d 1112, 1119 (9th Cir.1998). The district court found that O'Neal offered testimony on a material issue, and that the testimony was false. The district court's finding is supported by the record.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.